**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| LAURA LEE ZABST | ) CASE NO. 25-03782-JJG-13 |
| Debtors | ) |
| _____ | ) |
| LAURA LEE ZABST | ) |
| Plaintiffs | ) |
| | ) ADVERSARY NO. 25-50125 |
| v. | ) |
| EVERWISE CREDIT UNION | ) |
| Defendant | ) |

## Agreed Consent to Judgment

COMES NOW, Laura Lee Zabst, Debtor herein (hereinafter "Zabst") by Counsel Stacy Wissel, and Everwise Credit Union (hereinafter "Everwise"), and by Counsel Michael Trippel and enter onto a consent to judgment to resolve the complaint to strip a junior mortgage included in this bankruptcy filing. The parties request that the Agreed Consent be approved by the Court and a consent judgment entered. In support, parties state as follows:

1. Zabst filed a Chapter 13 bankruptcy as Case #25-03782-JJG-13 in the Southern District of Indiana Bankruptcy Court on June 27, 2025.

2. Debtors' proposed plan intended to strip Everwise's junior lien on the real estate located at 3002 Timber Valley Drive, Kokomo, Indiana 46902, more specifically described as:

    Lot Number Forty (40) and Lot Number Forty-one (41), in Timber valley of Woodhaven, Section One (1), an addition to Harrison Township, Howard County, Indiana, as shown in Recorder's Plat Book 9, Page 46
    Parcel No. 34-09-23-126-001.000-006

3. Parties have now agreed that claim of Everwise on the junior mortgage (Court claim #5) is a fully unsecured claim.

4. Everwise shall have an unsecured claim in the amount of $77,484.32, and that amount shall be paid to shall be paid it's prorata share of the unsecured creditor funds through the Chapter 13 trustee conduit. Any unpaid balance of the claim shall be discharged at the completion of the case, when the Court issues the discharge.

5. Zabst and Everwise have agreed that the strip of Everwise's junior lien is contingent upon the Debtor(s)' completion of the Chapter 13 plan and the Debtor(s) receipt of a Chapter 13 Discharge.

6. Everwise shall retain its lien for the full amount of due under the subject loan should the subject real estate be sold, or should a refinance take place prior to the Chapter 13 plan completion and entry of a Discharge.

7. Everwise shall retain its lien for the full amount due under the subject loan in the event of either the dismissal of the Debtors' Chapter 13 case or the conversion of the Debtors' Chapter 13 case to any other Chapter under the United States Bankruptcy Code.

8. In the event that any entity, including the holder of the first lien on the subject real estate forecloses on its security interest and extinguishes Everwise's lien prior to the Debtors' completion of the Chapter 13 plan, Everwise's lien shall attach to the surplus proceeds of the foreclosure sale for the full amount of the subject loan balance at the time of the sale.

9. Upon receipt of Zabst's Chapter 13 Discharge and completion of her Chapter 13 plan, Everwise shall release it's lien and provide such release to the debtor to be recorded at the County Recorder's Office.

10. Should Everwise not release the lien within 60 days of the discharge order, Zabst may filed certified copies of the Consent Judgment and the Discharge Order to terminate and release the lien.

11. In the event the subject real estate is destroyed or damaged, pursuant to the mortgage, Everwise is entitled to its full rights as a loss payee with respect to the insurance proceeds and has a security interest in such proceeds up to the entire balance due on the mortgage.

12. Each party shall bear their own attorney's fees and costs incurred in the present matter.

Stipulated and agreed to:


**/s/ Stacy Wissel**
**Stacy Wissel for  Plaintiff Laura Lee Zabst**
Bankruptcy Law Office of Mark S Zuckerberg
429 N. Pennsylvania Street, Ste 100
Indianapolis, IN 46204
317-687-0000
Fax : 463-634-7377
Email: swissel@sbcgloba.net


**/s/ Michael Trippel**
**Michael Trippel for Everwise Credit Union**
Thorne Grodnik, LLP
420 Lincolnway West
PO Box 1210
Mishawake, IN 46546-1210
574.256.5660
Email: mtrippel@tglaw.us

Certificate of Service

The undersigned does hereby certify that the foregoing pleading has been served, either electronically, or by mail via U.S. Mail , first class postage , pre paid, on January 7, 2026 to the following:

**Michael A. Trippel**     mtrippel@tglaw.us
**U.S. Trustee**     ustpregion10.in.ecf@usdoj.gov
**Mark S Zuckerberg**     filings@mszlaw.com, s.mr72948@notify.bestcase.com

**Laura Lea Zabst**
3002 Timber Valley Drive
Kokomo, IN 46902-0000

                                                                             /s/ Stacy Wissel for
                                                                             Stacy Wissel 17154-54